*Application for Leave to Appeal Dismissed Following Oral Argument May 20, 2016:*

PEOPLE V ABREGO, No. 152111; Court of Appeals No. 320973. On April 6, 2016, the Court heard oral argument on the application for leave to appeal the June 11, 2015 judgment of the Court of Appeals. On order of the Court, the motion for immediate consideration and the defendant's motion to dismiss the application for leave to appeal are considered, and they are granted. We vacate that part of the Court of Appeals judgment remanding the case to the Ionia Circuit Court for resentencing.

*Summary Disposition May 24, 2016:*

PEOPLE V CHARLES LEWIS, No. 148425; Court of Appeals No. 315520. On order of the Court, in conformity with the mandate of the Supreme Court of the United States, the application for leave to appeal the August 29, 2013 order of the Court of Appeals is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse the order of the Court of Appeals, we vacate the defendant's sentence for first-degree murder, and we remand this case to the Wayne Circuit Court for resentencing on that conviction pursuant to MCL 769.25 and MCL 769.25a. See *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016), and *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012). We do not retain jurisdiction.

PEOPLE V VARNADO, No. 151897; Court of Appeals No. 326896. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Court of Appeals for reconsideration of the defendant's April 14, 2015 delayed application for leave to appeal under the standard applicable to direct appeals. The defendant's former appellate attorney failed to timely file in the trial court a motion to withdraw as counsel and failed to file in the Court of Appeals, on direct review, a delayed application for leave to appeal within the deadlines set forth in MCR 7.205(G)(3). Accordingly, the defendant was deprived of his direct appeal as a result of constitutionally ineffective assistance of counsel. See *Roe v Flores-Ortega*, 528 US 470, 477; 120 S Ct 1209; 145 L Ed 2d 985 (2000); *Peguero v United States*, 526 US 23, 28; 119 S Ct 961; 143 L Ed 2d 18 (1999). The motion to remand to the trial court is denied. We do not retain jurisdiction.

PEOPLE V KNUCKLES, No. 152027; Court of Appeals No. 326758. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate the sentence of the Wayne Circuit Court on the defendant's first-degree murder conviction, and we remand this case to the trial court for resentencing on that conviction pursuant to MCL 769.25 and MCL 769.25a. See *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016); *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012). We do not retain jurisdiction.

PEOPLE V ATWOOD, No. 152354; Court of Appeals No. 327566. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we grant the

motions to remand and appoint counsel and vacate the orders of the Court of Appeals and Ottawa Circuit Court. We remand this case to the Ottawa Circuit Court for a hearing pursuant to *United States v Tucker*, 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), and *People v Moore*, 391 Mich 426 (1974), with regard to the scoring of Prior Offense Variable 5. On a showing of indigency, the trial court shall appoint counsel to assist the defendant. The motion for a declaratory judgment and motion to quash answer are denied. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.